THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARTHA RABER, Defendant-Appellant.

(No. 69-117; )

Fifth District—November 10, 1970.

Wham & Wham, of Centralia, (James B. Wham, of counsel,) for appellant.

H. Carroll Bayler, State's Attorney, of Louisville, for the People.

Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:

Defendant appeals from a judgment of conviction for assault entered on a jury verdict of guilty for which she was fined $150.00.

Defendant Martha Raber and her husband are owners of a farm in Clay County, Illinois, which is located across the road from a farm of Raymond Ellis. The record shows that there was a dispute between Raymond Ellis and the Rabers as to the ownership of certain straw lying in a field on the Raber farm and that on July 11 or 13, 1967, Raymond Ellis sent his son, Jim, Bill Willis, a farm hand, and Mark Perrine, a fifteen year old farm employee and also the complaining witness in this case, onto the defendant's field to bale and haul away the straw without permission from the Rabers to enter upon the land and without giving notice of his entry. When the defendant saw the truck and tractor come into her

field, she picked up an unloaded shotgun and went outside. Her husband was bedridden at that time. Witnesses for the prosecution testified that defendant walked out to where the hands had begun to bale and load the straw, pointed the gun at Mark Perrine and said, "If you don't get out of here, I'll blow your heads off." The three of them immediately left the property. Defendant and witnesses for the defense testified that she stepped out to the edge of the stubble field and when the hands saw her, they left. These witnesses testified that she was several hundred feet away from the farm hands and that she never said anything to them.

In either event, we do not question the jury finding that the defendant's conduct constituted assault within the meaning of Ill. Rev. Stat. 1967, ch. 38, par. 12—1, which provides that:

"A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery." Par. 12—1(a).

However, Ill. Rev. Stat. 1967, ch. 38, par. 7—3 provides:

"A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other's trespass on or other tortious or criminal interference with either real property (other than a dwelling) or personal property, lawfully in his possession or in the possession of another who is a member of his immediate family or household or of a person whose property he has a legal duty to protect. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent the commission of a forcible felony."

██ Defendant raised this defense and the jury was properly instructed on it. It is clear that where the defendant raises the issue of justification as an affirmative defense by presenting some evidence on it, the state must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense. Ill. Rev. Stat. 1967, ch. 38, par. 3—2(b).

The complaining witness and the other two farm hands were committing a trespass and were removing personal property from defendant's land which the evidence shows she reasonably believed to be hers. The fact that the complaining witness Mark Perrine was not personally involved in the dispute over the straw and had been ordered by his employer to enter the defendant's field does not make him any less a trespasser. Assuming that the state's witnesses' version of the incident to be true, at worst defendant used an unloaded gun with the threat, "If you don't get out of here, I'll blow your heads off." (Emphasis added.) She obviously had no present capability of inflicting injury or carrying

out her threat, and she was not employing force which was intended or which was likely to cause death or great bodily harm. The record also shows that she believed Raymond Ellis thought that the straw was his and that he intended, either personally or through his employees, to remove it even against her wishes.

■■ In view of the dispute over the ownership and the employment of selfhelp by Raymond Ellis to resolve it along with the other circumstances surrounding the incident, we believe that the State has failed to prove beyond a reasonable doubt that the defendant's conduct was not justified and therefore the judgment of conviction is reversed.

Judgment reversed.

EBERSPACHER and GOLDENHERSH, JJ., concur.